By the Court, Barbour, J.
It is proper to say that the referee has not found, as a fact, in the case, that the tender of the certificates to the receiver by Beers, constituted a payment to the Eorth American Trust and Banking Company, within the contemplation of the agreement between such company and Beers. But I am of opinion that the referee erred in this. For, although Beers might subsequently waive such tender, so far as his own interests were concerned, as he probably did, by paying the claims of the company with funds other than the certificates, such waiver could not affect the rights of the state, which had already attached, to recover from Beers the amount of the certificates which he had tendered to the representative of the company under the agreement, and which tender, eo instanti, operated, and was an extinguishment, pro tanto, of the debt of the company against Beers, in law and in equity, and, of course, extinguished also the liability of the company upon the certificates. Eo reinstatement of that debt, by any agreement between the company and Beers, could deprive the state of the right, which had already become *132 vested in it, to recover from Beers the amount of such certificates.
Of course, unless the tender in question operated as a payment of the debt owing by Beers to the company, the judgment should stand; inasmuch as Beers did not become the debtor of the state, nor were any commissions earned. So, too, even though the finding of the referee, in that regard, was erroneous, as we think it was, there are, still, a few insurmountable difficulties which stand in the way of the plaintiff’s recovery.
First. The right of the state to recover from Beers the amount of the certificates because of his appropriation of the same to his own use, accrued upon and by the tender thereof to the company, and when that tender was made; and, therefore, this claim is barred by the statute of limitations.
Second. So, the right of Woodward, Beers, and the plaintiff to recover for the commissions was based upon the absolute promise of the state, contained in its agreement with the former, to pay twenty-five per cent commissions upon the collection of the certificates, and accrued at the same time, and because of the same act, and is, in like manner, barred. The right of the three to recover against the state for the commissions it had undertaken to pay, became absolute upon and by the tender.
Third. The instrument executed by Woodward, Beers and the plaintiff to the state of Indiana, on the 2d of November, 1847, not only assigns and transfers to the state their claims against it because of the commissions now claimed, thereby producing, in law, a complete relinquishment and discharge of their claims against the state, but such instrument expresses upon its face, an absolute and unconditional release and discharge of the state from all claims of all-and either of them, because of such commissions, for a full and sufficient consideration, received by each.
Fourth. No claim of the state of Indiana against Beers, whether including the said commissions or otherwise, was assigned by such state to the plaintiff or any other person, *133 so far as appears in the case; the assignment and transfer made by the state to Fincke on the 31st of January, 1849, and, afterwards, by the latter to the plaintiff, being merely a transfer to him of all the claims of the state against the North American Trust and Banking Company.
The judgment entered upon the report of the referee, touching this cause of action of the plaintiff, should be affirmed, with costs.